**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Katz, et al., | No. CV-18-08308-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| New Enchantment LLC, New Enchantment Group LLC, and Enchantment Group, | |
| Defendants. | |

On November 6, 2018, the Court issued the following order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).
> In this case, the complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010) (discussing the citizenship of a corporation). Accordingly,
> **IT IS ORDERED** that by noon, November 7, 2018, Plaintiff shall file a supplement to the complaint properly alleging the citizenship of the limited liability companies and identifying the entity type and citizenship for the "Enchantment Group" or this case will be dismissed, without prejudice, for lack of federal subject matter jurisdiction….

(Doc. 7).

On November 7, 2018, Plaintiff filed a supplemental complaint alleging that Plaintiffs are "residents" (which the Court assumes means citizens) of New Jersey. (Doc. 8 at 1). It then alleges (on information and belief) that Defendant New Enchantment LLC is a citizen of Delaware and New York. (Doc. 8 at 2). It alleges that Defendant New Enchantment Group LLC is a citizen of New York. Finally, it alleges (on information and belief) that Defendant Enchantment Group is a citizen of Delaware, New York, and

Canada. (Doc. 8 at 2).

While the Ninth Circuit Court of Appeals permits jurisdictional allegations to be based on information and belief, it suggests that the Court reexamine jurisdiction after the defendants have answered. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087-88 (9th Cir. 2014).

Here, Defendants denied the jurisdictional allegations. (Doc. 14 at 2). For example, they effectively suggest that New Enchantment LLC has more than two members. (*Id.*). They deny that one of the members is a citizen of New York. (*Id.*). They further deny all citizenship allegations as to Defendant Enchantment Group. (*Id.*). Finally, they effectively suggest that New Enchantment Group LLC has more than one member. (*Id.*). Thus, reading the answer as a whole, Defendants have pleaded that Plaintiffs have not correctly alleged the citizenship of any Defendant.

As a result,

**IT IS ORDERED** that, contemporaneous to filing the joint proposed case management plan (Doc. 18), the parties shall file a joint jurisdictional statement. Such statement must list every member of every LLC, consistent with Ninth Circuit law, and such member's citizenship. Any partnerships' or other entities' citizenship must also be listed consistent with Ninth Circuit law. None of the allegations in this document may be based on information and belief. (This deadline amends and supersedes the April 15, 2019 deadline in the Court's Order of November 7, 2018.)

Dated this 20th day of December, 2018.

James A. Teilborg
Senior United States District Judge